UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZACHARIAH JOSHUA HOLM, SID #576860, | § § | |
| Plaintiff, | § § | SA-20-CV-00826-XR |
| v. | § § | |
| COMAL COUNTY SHERIFF'S OFFICE, | § § | |
| Defendant. | § § | |

## ORDER OF DISMISSAL

Before the Court is the *pro se* Civil Rights Complaint filed by Plaintiff Zachariah Joshua Holm ("Holm") pursuant to 42 U.S.C. § 1983. (ECF No. 1). Because Holm's Complaint is duplicative of a previous filing, this section 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i) and 1915A(b)(1) of Title 28 of the United States Code ("the Code") for filing a malicious claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).[1]

### BACKGROUND

In this section 1983 Complaint, which was filed July 14, 2020, Holm contends the Comal County Sheriff's Office ("CCSO") employed two officers and a sergeant—Officers Daniel Ruiz and Salvador Martinez and Sergeant Derrick Sassenhagen—who assaulted him while he was confined in the Comal County Jail. (ECF No. 1). This is the only allegation contained in the Complaint. (*Id.*). As redress, Holm requests "justice for this act of officer brutality, by seeing the proper people held responsible." (*Id.*).

---

[1] Although this suit is dismissed with prejudice, the dismissal is without prejudice to Holm's pursuit of his claims in the first filed action, i.e., cause number 5:19-CV-00042-RBF. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)

On January 14, 2019, prior to filing the present action, Holm filed another suit pursuant to 42 U.S.C. § 1983, which was assigned cause number 5:19-CV-00042-RBF. In that suit, Holm alleged Officers Ruiz and Martinez and Sergeant Sassenhagen[2] assaulted him, violating his Eighth Amendment rights by using excessive force. (ECF No. 1). As relief in the first–filed suit, Holm seeks compensatory and punitive damages, as well as asking that "the defendants" "be held accountable for their actions." (*Id.*). The first filed suit is still pending. The only difference between the first–filed suit and the present suit is that in the first suit Holm names the individual employees of the CCSO as defendants, but in this suit, he names only the CCSO. Despite the different defendants, both suits are based on the same set of operative facts.

## APPLICABLE LAW

Holm brings this action pursuant to section 1983 and was granted leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 4). Section 1915(e)(2)(B)(i) of Title 28 of the Code requires a Court to screen and dismiss an IFP complaint if the Court determines it is, among other things, frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A(b)(1). A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 Fed. App'x 341, 343–44 (5th Cir. 2013) (per curiam) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.

---

[2] This defendant's last name is spelled two different ways by Holm. In the present action, Holm spells the Sergeant's name "Sassenhagen." In the first–filed suit, Holm spells the name "Sausenhagen." It is clear that whatever the correct spelling, Holm is referring to the same individual.

1988)). Even if lawsuits name different defendants, they are still duplicative and subject to dismissal if both suits are based on the same operative facts and allegations. *Lewis*, 508 Fed. App'x at 344 n.2.

## APPLICATION

Holm has filed two separate section 1983 actions arising from the same set of operative facts for the same alleged injury—violation of his Eighth Amendment rights based on an alleged use of excessive force by three employees of the CCSO that resulted in physical injury. Thus, this Court finds Holm's Complaints are duplicative, and therefore malicious, because they involve a single transaction—alleged injury based on the use of excessive force by employees of the CCSO. *See Pittman*, 980 F.2d at 995. Holm's decision to name the three CCSO employees in his first action and the CCSO itself in the second action does not alter the fact that both section 1983 actions are based on the same set of operative facts, thereby rendering the present action duplicative.[3] *See Lewis*, 508 Fed. App'x at 344 n.2.

Plaintiffs proceeding IFP have no preferred status with respect to the procedures with which they must comply. *Pittman*, 980 F.2d at 995. Federal district courts are fully justified in dismissing a non–pauper complaint that is duplicative of prior federal litigation then being pursued by the same plaintiff. *Id.* The court could consolidate the actions, but consolidation is not mandated. *Id.* Either of the steps are also applicable to suits brought by plaintiffs who are proceeding as paupers. *Id.* If the district court chooses to dismiss, it should dismiss the later–filed

---

[3] Holm may seek to amend his Complaint in the first lawsuit pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedures to name the CCSO as a defendant. *See* FED. R. CIV. P. 15(a)(2) (stating that party may amend pleading with opposing party's written consent or leave of court if amendment is sought 21 days after service; court should freely give leave when justice requires it). This Court expresses no opinion on the possible success of a potential request to amend in cause number 5:19-00042-RBF.

action in favor of the case that was filed earlier. *Id.* As stated by the Fifth Circuit in *Pittman*, "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.*

### CONCLUSION

Based on the Court's review of Holm's Complaints, the Court finds Holm's present section 1983 Complaint, filed under cause number 5:20-CV-00826-XR, is duplicative of the Complaint filed under cause number 5:19-CV-00042-RBF. Accordingly, the Court finds the present section 1983 action is malicious and subject to dismissal.

**IT IS THEREFORE ORDERED** that Holm's Complaint (ECF No. 1), which was filed in case number 5:20-CV-00826-XR, is **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i) and 1915A(b)(1) of Title 28 of the Code because it is duplicative of a previously filed action and therefore, malicious.

It is so **ORDERED**.

**SIGNED** this 23rd day of July, 2020.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE